# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| JOEL C. KNAUFF, | § | |
| Plaintiff | § | |
| | § | Civil Action No. 5:08-CV-00336- |
| v. | § | XR |
| | § | |
| DOREL JUVENILE GROUP, | § | |
| INC. D/B/A/ COSCO HOME AND | § | |
| OFFICE PRODUCTS, | § | |
| Defendant | § | |

## ORDER

On this day the Court considered Defendant's Motion to Exclude Witnesses and Quash Plaintiff's Depositions on Written Questions (docket no. 27) and Defendant's Second Motion to Quash Plaintiff's Amended Depositions on Written Questions (docket no. 42). For the reasons discussed herein, Defendant's Motions are GRANTED.

## BACKGROUND

**A.     The Complaint (docket no. 1) and Defendant's Answer (docket no. 3)**

On December 30, 2007, Plaintiff Joel C. Knauff was performing work in his home using a ladder manufactured and sold by Defendant Cosco. Plaintiff claims that while the ladder was in its fully extended position, the ladder's feet slipped backwards, causing the ladder to fall and Plaintiff to incur serious injuries. Plaintiff alleges that the ladder was designed by Defendant, that he purchased the ladder at Sam's Club the day before the incident, and that the ladder was in substantially the same condition during the incident as at the time it was placed into the stream of commerce.

Plaintiff alleges that defects in the ladder's design caused the product to fail to

function in a manner reasonably expected by an ordinary user of such ladders, and that the defects include, but are not limited to, the use of oval or circular feet at the ladder's base. Plaintiff contends that these feet did not have sufficient surface area contacting the ground to provide a stable base that would not slide under minimal loads, and that instead of using oval or circular feet, the manufacturer could have used larger, flatter feet that provided larger points of contact with the ground and increased friction between the feet and the floor. Plaintiff contends that this alternative design would have significantly reduced the risk of his injuries without substantially impairing the product's utility. Plaintiff also contends that the alternative design was economically and technologically feasible at the time the product left the control of the manufacturer. Plaintiff alleges negligence and gross negligence on the part of Defendant and seeks both compensatory and punitive damages.[1]

Defendant denies the allegations of defective or dangerous design and denies that it was negligent. As affirmative defenses, Defendant asserts, *inter alia*, that Plaintiff may have acted negligently, misused the product or failed to read the warnings and instructions accompanying the product, and further that Defendant complied with all applicable standards prescribed by law and existing at the time of manufacture for design, inspection, testing, manufacture, labeling, packaging, warning, or instructions for use of the product.

**B.     Plaintiff's Fourth Supplemental Initial Disclosure and Notices of**

---

[1] On July 9, 2009, Plaintiff stipulated that he is no longer pursuing his claims for gross negligence and punitive damages (docket no. 40).

**Intention to Take Deposition by Written Questions**

Per the scheduling order entered by the Court (docket no. 9), the deadline for completion of discovery in this case was March 31, 2009. The deadline for exchange of expert reports was extended by agreement, but the parties did not otherwise agree to conduct discovery beyond the deadline. Defendant contends that on June 19, 2009, Plaintiff provided a Fourth Supplemental Initial Disclosure (Attachment B to Defendant's motion) that listed thirteen medical providers never before disclosed. Plaintiff subsequently issued a Notice of Intention to Take Deposition by Written Questions for medical records and billing records for each of the thirteen medical providers. On July 7, 2009, Plaintiff served Defendant with Plaintiff's Amended Waiver of Notice & Request for records.

**Analysis**

Defendant moves to exclude the late-designated medical providers and quash the depositions on written questions of the thirteen medical providers due to their untimely disclosure. Under Rule 26, disclosures must be supplemented or corrected in a timely manner. FED. R. CIV. P. 26(e)(1)(A). A party who makes an untimely disclosure under Rule 26(e) will not be able to use that information or witness to supply evidence unless the failure to disclose was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). At the July 8, 2009 pretrial conference, Plaintiff's counsel stated that since Plaintiff's medical treatment is ongoing, Plaintiff had not previously informed them about these thirteen medical providers. However, Plaintiff has not filed a response or provided any evidence that these medical providers treated Plaintiff after the discovery

3

deadline, nor has Plaintiff provided any justification for the late disclosure.

Plaintiff's failure to timely notify his counsel of additional medical providers does not constitute a substantial justification for the disclosure of thirteen potential witnesses ten weeks after the discovery period closed. Defendant contends that it has no knowledge of what role these medical providers may have played in Plaintiff's treatment and what evidence they may have related to the subject incident of this lawsuit. Plaintiff has failed to demonstrate that the untimely disclosure of these medical witnesses was harmless. The Depositions on Written Questions served by Plaintiff on June 19 is additional discovery falling far outside of the Court's discovery deadline, and no extension for this type of discovery was agreed to by Defendant. Therefore, the Court finds that these deposition notices are untimely and should be quashed.

Defendant further moves to quash the Amended Depositions on Written Questions served by Plaintiff on July 7, 2009. These notices were served over three months after discovery had closed. without leave of court and without agreement by Defendant. For this reason, the Amended Depositions on Written Deposition will be quashed.

## Conclusion

Defendant's Motion to Exclude Witnesses and Quash Plaintiff's Depositions on Written Questions (docket no. 27) is GRANTED. Defendant's Second Motion to Quash Plaintiff's Depositions on Written Questions (docket no. 42) is GRANTED.

It is so ORDERED.

SIGNED this 4 day of August, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE