# In the United States District Court for the Western District of Texas

| | |
|---|---|
| JOEL C. KNAUFF, § | |
| Plaintiff § | |
| § | Civil Action No. 5:08-CV-00336- |
| v. § | XR |
| § | |
| DOREL JUVENILE GROUP, § | |
| D/B/A/ COSCO HOME AND § | |
| OFFICE PRODUCTS, § | |
| Defendant § | |

## ORDER

On this day the Court considered Defendant's Motion to Strike Dr. Huerta's April 21, 2009 and May 27, 2009 Reports (docket no. 26) and Plaintiff's Response (docket no. 43). For the reasons discussed herein, Defendant's Motion is DENIED.

## I. BACKGROUND

### A. The Complaint (docket no. 1) and Defendant's Answer (docket no. 3)

On December 30, 2007, Plaintiff Joel C. Knauff was performing work in his home using a ladder manufactured and sold by Defendant Cosco. Plaintiff claims that while the ladder was in its fully extended position, the ladder's feet slipped backwards, causing it to fall and Plaintiff to incur serious injuries. Plaintiff alleges that the ladder was designed by Defendant, that he purchased the ladder at Sam's Club the day before the incident, and that the ladder was in substantially the same condition during the incident as at the time it was placed into the stream of commerce.

Plaintiff alleges that defects in the ladder's design caused the product to fail to

function in a manner reasonably expected by an ordinary user of such ladders, and that these defects include, but are not limited to, the use of oval or circular feet at the ladder's base. Plaintiff contends that these feet did not have sufficient surface area contacting the ground to provide a stable base that would not slide under minimal loads, and that instead of using oval or circular feet, the manufacturer could have used larger, flatter feet that provided larger points of contact with the ground and increased friction between the feet and the floor. Plaintiff contends that this alternative design would have significantly reduced the risk of his injuries without substantially impairing the product's utility. Plaintiff also contends that the alternative design was economically and technologically feasible at the time the product left the control of the manufacturer. Plaintiff alleges negligence and gross negligence on the part of Defendant and seeks both compensatory and punitive damages.[1]

Defendant denies the allegations of defective or dangerous design and denies that it was negligent. As affirmative defenses, Defendant asserts, *inter alia*, that Plaintiff may have acted negligently, misused the product, or failed to read the warnings and instructions accompanying the product, and further that Defendant complied with all applicable standards prescribed by law and extant at the time of manufacture for design, inspection, testing, manufacture, labeling, packaging, warning, or instructions for use of the product.

**B. The Scheduling Order (docket no. 9)**

---

[1] On July 9, 2009, Plaintiff stipulated that he is no longer pursuing his claims for gross negligence and punitive damages (docket no. 40).

The scheduling order provision relevant to this motion stipulates that "all parties asserting claims for relief shall FILE their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall SERVE on all parties, but not file the materials required by FED R. CIV. P. 26(a)(2)(B) by November 21, 2008."[2] This date was changed to April 1, 2009 by agreement of the parties. The Scheduling Order then provides that all designations of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert.

**C. Defendant's Motion to Strike Dr. Huerta's April 21, 2009 and May 27, 2009 Reports**

Defendant moves to strike Dr. Michael Huerta's expert reports dated April 21, 2009 and May 27, 2009 as untimely. Plaintiff disclosed Dr. Huerta as its expert on February 6, 2009 and produced his initial expert report. Defendant disclosed Dr. Erick Knox as its expert and produced Dr. Knox's report on March 28, 2009. Defendant contends that according to the scheduling order, Plaintiff was required to disclose a rebuttal expert by April 13, 2009—15 days after the disclosure of Defendant's expert. Defendant argues that Plaintiff instead served a report by Huerta on April 21, 2009, eight days after the deadline, characterizing it as "supplemental."

Supplemental expert reports are governed by Rule 26(e). Such reports are required to be submitted "in a timely manner if the party learns that in some material

---

[2] FED. R. CIV. P. 26(a)(2)(B) provides in part that unless otherwise stipulated or ordered by the court, the disclosure of the identity of an expert witness must be accompanied by the report of that expert.

3

respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). An expert witness's duty to supplement "extends both to information included in the report and to information given during the expert's deposition." FED. R. CIV. P. 26(e)(2). The supplemental information must be disclosed by the time the party's pretrial disclosures are due under Rule 26(a)(3). *Id.* Therefore, a supplemental report is due at least 30 days before the date set for trial. FED. R. CIV. P. 26(a)(3).

Defendant asserts that this Rule anticipates a situation when an expert discovers information rendering his report incorrect (relying on *Gen. Elec. Capital Bus. Asset Funding Corp. v. S.A.S.E. Military Ltd.*, 2004 WL 5495589, at *2 (W.D. Tex. Oct. 8, 2004)). Defendant as such contends that because neither the April 21, 2009 nor the May 27, 2009 reports "purport to correct inaccuracies in Dr. Huerta's original report," but rather purport "only to rebut Dr. Knox's opinions," the reports are not supplemental, but rebuttal, and therefore are untimely according to the Scheduling Order. Defendant argues that the proper sanction under Rule 37(c) is forbidding Plaintiff from using the expert reports unless the untimely disclosure was "substantially justified or harmless" (citing *Current v. Atochem N. Am. Inc.*, 2001 WL 36101282, at *2 (W.D. Tex. Sept. 18, 2001)).

Defendant asserts that Plaintiff has not tried to justify the disclosure of the first supplemental report one month after Dr. Knox's report was submitted or the disclosure

4

of the second supplemental report yet another month later. Furthermore, Defendant contends that the delay in the disclosure of Dr. Huerta's reports undermines the purpose of the Scheduling Order, and that Defendant is entitled to prepare for trial without having to redepose Plaintiff's expert or have Dr. Knox prepare a "'sur-rebuttal'" report, and that therefore Plaintiff cannot show that the untimely disclosures were harmless.

### D. Plaintiff's Response

Plaintiff, in response to Defendant's motion, contends that the April 21 and May 27 reports "merely provide additional information that address the portions of the February 26 Report that are incomplete," and that therefore they are indeed "supplemental" reports governed by Rule 26(e). As examples, Plaintiff states that the April 21 report verifies various information from the February 6 report regarding measurements and materials used with "actual data from accident site that Dr. Huerta had not obtained on February 6, 2009"(citing Def. Mot., Ex. C at 1-2), and that the report also incorporates analysis of testing methods Defendant's expert witness used and discussed in his March 28, 2009 report, which Dr. Huerta could not have considered in his February report. Additionally, Plaintiff claims that the May 27 report addresses "incomplete portions of the February 6 Report arising from information first disclosed by Defendant's expert" at Dr. Knox's May 5, 2009 deposition—namely, the type of plywood Dr. Knox used in his testing. Plaintiff alleges that prior to that date, Defendant's counsel would not agree to ship the plywood to El Paso, where Dr. Huerta lives and works, or to Plaintiff's attorneys' office. After

5

inspecting the plywood at the May 5 deposition, Dr. Huerta was able to perform additional testing, and then provide information regarding this testing in his May 27 report. Plaintiff contends that as both reports are supplemental, they are timely under Rule 26(e)(1).

In the alternative, Plaintiff argues that even if the reports are considered rebuttals to the reports of Defendant's expert, they are nevertheless timely under Rule 26(a)(2)(C), which provides that absent a court order or stipulation , expert disclosures "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" must be made "within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(C)(ii). Plaintiff asserts that rebuttal may be made either to a formal report of the other party's expert witness or to information disclosed in the expert's deposition. Since Dr. Huerta's April 21 report was disclosed fewer than 30 days after the disclosure of Dr. Knox's March 28 expert report, and Dr. Huerta's May 27 report was disclosed fewer than 30 days after Dr. Knox's May 9 deposition, Plaintiff contends that both of these reports were timely rebuttals. Plaintiff notes that the Scheduling Order only requires "designation" of rebuttal experts within 15 days of receipt of the opposing party's expert reports—which Plaintiff alleges occurred when Dr. Huerta was designated as an expert on February 6—and not the disclosure of the rebuttal expert report itself.

Finally, Plaintiff believes that even if the Court considers Dr. Huerta's April 21 and May 27 reports untimely, the reports should not be excluded under Rule 37(c) because the alleged failure to timely disclose them was "harmless." FED. R. CIV. P.

6

37(c)(1). Plaintiff lists the four factors for a Court to consider in determining whether a failure to disclose is harmless, outlined in *Nichols v. Allstate Texas Lloyds*: "(1) the importance of the evidence; (2) prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice; and (4) any explanation for the party's failure to comply with the rule requiring disclosure." *Nichols v. Allstate Texas Lloyd's*, 2005 WL 2405922, at *1 (S.D. Tex. Sept. 29, 2005). Plaintiff argues that both reports are critical to his case because they verify earlier results and explain why Dr. Huerta used certain methods and materials. Plaintiff asserts that Defendant will not be prejudiced by the inclusion of the reports, as Defendant's counsel had an opportunity to review the April 21 report before deposing Dr. Huerta, and has accepted Plaintiff's offer to redepose Dr. Huerta on July 13 at Plaintiff's expense, thereby curing any potential prejudice. Plaintiff also notes that the alleged failure to timely disclose the reports was justified by the availability of new information after Dr. Huerta's February 6 report was disclosed, and Defendant's reticence to provide necessary information.

## II. ANALYSIS

### A. Dr. Huerta's April 21, 2009 Report

In assessing whether Dr. Huerta's April 21, 2009 report is indeed untimely under the Scheduling Order and Rule 26, a preliminary determination must be made as to whether the report is a supplemental report as Plaintiff claims, or whether it is in fact a rebuttal report, as Defendant argues. The April 21 report begins:

7

> Since submitting my preliminary report, I have had an opportunity of inspecting the accident site at the Knauff residence. I have also had an opportunity of reviewing the report prepared by defense expert Dr. Erick H. Knox. The present letter report supplements the opinions that I provided you in my February 25 [sic], 2009 report."

Docket No. 26, Ex. C, at 1.

The report continues by stating that during the accident site inspection, Dr. Huerta "was able to verify information" that he used in his preliminary report. *Id.* The two paragraphs under "Accident Site Inspection" confirm measurements and the type of ceramic tile on which the ladder stood during the accident. *Id.* at 1-2. In his conclusion, Dr. Huerta states that his opinions from his initial report are unchanged after this inspection. *Id* at 2. The next section, entitled "Review of Defense Report," states that Dr. Huerta's review of Dr. Knox's report revealed a number of opinions with which Dr. Huerta disagrees. *Id.* The subsequent eight paragraphs and a conclusion describe the tests Dr. Knox performed and the inconsistencies Dr. Huerta finds in Dr. Knox's data and with his study in general. *Id.* at 2-5.

Though Dr. Huerta describes the April 21 report as supplementing his opinions from the February 5 report, this does not effectively render the report "supplemental" under the meaning of Rule 26 if the actual content of the report contradicts that description. The report consists almost entirely of an analysis of Dr. Knox's data and testing methods and Dr. Huerta's reasons for disagreeing with Dr. Knox's report. The language of Rule 26(a)(2)(C)(ii) indicates that it applies to expert testimony "intended *solely* to contradict or rebut evidence on the same subject matter identified by another

8

party" (emphasis added), and as Dr. Huerta's report also contains evidence not intended to rebut Dr. Knox's testimony, it is uncertain that this rule would apply, or whether the report would then be deemed a supplemental report instead. However, rather than finding that a party must intend an expert report to be entirely composed of rebuttal or contradictory opinions in order to constitute a rebuttal, courts have tended to review the balance of the evidence contained in the report before making a determination as to its nature. For example, in *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, the district court considered a motion to strike an expert disclosure that purported to be a rebuttal to the opposing party's expert report on the issue of the invalidity of a patent. *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, 2006 WL 5127278, at *1-*2 (N.D. Tex. May 31, 2006). The court found the report to be a proper rebuttal under Rule 26(a)(2)(C), concluding that the expert was offering rebuttal opinions because "at a minimum, his opinions concerning claim construction directly bear on the issue of patent invalidity." *Wireless Agents*, 2006 WL 5127278 at *2. Therefore, given that the April 21 report provides no updated or revised information other than to confirm the results of the previous report, and that the majority of the report directly addresses and expresses disagreement with the opinions of the opposing party's expert, the report is properly considered a rebuttal under Rule 26(a)(2)(C).

Although Dr. Huerta's report is primarily a rebuttal, it is still timely under the Scheduling Order and Rule 26. Plaintiff is correct in stating that the Scheduling

9

Order provides only that all *designations* of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert, but does not refer to supplying the expert report simultaneously with the expert designation. In contrast, the previous scheduling order provision in the same paragraph states that parties shall file their designation of testifying experts and shall serve (but not file) expert reports. The absence of such language in the sentence regarding rebuttal experts indicates that only the designation must be filed within 15 days, and that the expert report is therefore governed by the scheduling provisions of Rule 26.[3] Since Rule 26(a)(2)(C)(ii) gives the party a 30-day window after the other party's disclosure, and Dr. Huerta's rebuttal report was served 23 days after Dr. Knox was disclosed as Defendant's expert, the report was timely.[4] Therefore, Defendant's motion with respect to the April 21, 2009 report is denied.

**B. Dr. Huerta's May 27, 2009 Report**

As with the April 21 report, it must first be determined whether Dr. Huerta's May 27 report constitutes a supplement to the prior report or a rebuttal to the information revealed during Dr. Knox's deposition. The May 27 report is two pages long (largely consisting of photographs) and describes and depicts the results of data

---

[3] Rule 26(a)(2)(C) governs "absent a stipulation or a court order." FED. R. CIV. P. 26(a)(2)(C).

[4] While Dr. Huerta was not designated separately as a "rebuttal expert" after receipt of Dr. Knox's report, it is unclear from case law that a previous expert must be designated again as a rebuttal expert. Furthermore, as Defendant stated that it had an opportunity to review the April 21 report prior to deposing Dr. Huerta and was able to question Dr. Huerta regarding the substance of the report, any possible failure to designate Dr. Huerta as a rebuttal expert prior to the 15-day deadline was harmless.

10

Dr. Huerta obtained on May 22, 2009 from testing done with the same type of plywood Dr. Knox used in compiling his expert report.[5]

Dr. Huerta's May 27 report is properly considered supplemental. In *Helen of Troy v. Zotos Corp.*, upon which Plaintiff relies, co-defendant Spentech moved to strike an affidavit of the plaintiff's expert as untimely. *Helen of Troy v. Zotos Corp.*, 235 F.R.D. 634, 637 (W.D. Tex. 2006). The affidavit was based on photographs of allegedly leaky bottles taken after Spentech inspected and manipulated the bottles at the expert's office. *Id*. The Court found that the affidavit was a supplement based on these photographs and was timely, noting that "it is inconsistent for Spentech to willingly participate in a discovery event and later complain that a report based on that event and mandated by the Federal Rules is untimely merely because it took place after the discovery deadline." *Id*. While this is not perfectly analogous to the situation of the parties in this case, it is similarly inconsistent for Defendant to argue untimeliness predicated on its own delay in providing Plaintiff information necessary to trial preparations. For this reason, the May 27 report, which Dr. Huerta prepared in the three weeks after Dr. Knox's deposition made the necessary information available to him, is timely under Rule 26(e)(2).

Even if the May 27 report is not considered a timely disclosure on Plaintiff's part, any untimeliness is harmless under the factors outlined in *Nichols*, and should not warrant exclusion under Rule 37(c)(1). Plaintiff asserts the importance of the

---

[5] Docket no. 26, Ex. D., at 2-3.

11

evidence to its case, and this Court finds it desirable that Plaintiff's and Defendant's experts are aware of the sources of each others' data. Plaintiff also provides an explanation as to why the data regarding the plywood was not available to it prior to May 5, and why Dr. Huerta could not, therefore, incorporate that data into his initial rebuttal report. More importantly, Defendant is not prejudiced by the inclusion of the May 27 report. Defendant has been given (and has presumably taken) the opportunity, at Plaintiff's expense, to redepose Dr. Huerta on July 13. Since the trial setting for this case has been reset for October 2009, Defendant has ample opportunity to address the matters contained within Dr. Huerta's very brief supplemental report. Therefore, Defendant's motion with respect to the May 27, 2009 report is denied.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Dr. Huerta's April 21, 2009 and May 27, 2009 Reports (docket no. 26) is DENIED.

It is so ORDERED.

SIGNED this 4 day of August, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE