# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| JOEL KNAUFF | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-336-XR |
| | § | |
| DOREL JUVENILE GROUP, INC | § | |
| | § | |
| | § | |
| *Defendant.* | | |

**ORDER ON COSTS**

On this day, the Court considered Defendant's bill of costs (Docket Entry No. 86).

## I. Background and Procedural History

Defendant was the prevailing party following the grant of Defendant's Motion for Directed Verdict. Defendant is awarded costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Defendant seeks a total award of $13,703.83 in costs.

## II. Legal Standard

Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party." FED. R. CIV. P. 54(d). Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381

F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

### III. Analysis

Defendant seeks $50.00 in fees of the Clerk, $9,064.41 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $3,442.83 in fees for exemplification and copies, and $1,146.59 for fees and

disbursements for printing.[1]

## A. PRO HAC VICE FEES

Defendant seeks $50 in "fees of the Clerk" for pro hac vice fees ($25 pro hac vice fee for H. Podulka and $25 pro hac vice fee for W. Greenough). Neither Rule 54 nor 28 U.S.C. § 1920 specifically authorizes pro hac vice fees to be taxable as "fees of the Clerk." Thus, there is no consensus among the federal courts as to whether such fees are recoverable under § 1920. Some courts have held that such fees are not recoverable under § 1920. *See, e.g.*, *L&A Contr. Co. v. Byrd Bros.*, 2:07-CV-57, 2010 WL 1223321 (S.D. Miss. Mar. 24, 2010) ("Pro hac vice fees are not properly recoverable as costs and shall be denied."); *Competitive Technologies v. Fujitsu Ltd.*, Civ. A. No. 02-1673, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006) (listing cases and concluding that pro hac vice fees should not be taxed as costs because they are an expense of counsel that is not normally passed on to clients and therefore should not be included in a cost award); *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994) (finding that pro hac vice fees are not recoverable because "[s]uch fees are an expense of counsel for the privilege of practicing law...[and] are not normally charged to a fee-paying client" ); *see also Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir.1998)

---

[1] The Bill of Costs form states that Defendant seeks $3,442.83 in printing costs and $1,146.50 in copy costs, but these amounts appear to be reversed.

(holding without analysis that district court did not abuse its discretion by denying taxation of pro hac vice fees).

Some courts, however, have allowed the recovery of pro hac vice fees as fees of the clerk. *See, e.g., Craftsmen Louisiana, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009); *Semmaterials, L.P. v. Alliance Asphalt, Inc.*, No. CV 05-320-S-LMB, 2007 WL 676675, at *3 (D. Idaho March 1, 2007) (directing taxation of pro hac vice application fee); *Glastetter v. Sandoz Pharms. Corp.*, No. 1:97CV131ERW, 2000 WL 34017154, at *1 n. 2 (E.D. Mo. Oct.3, 2000) ("[T]his Court concludes that 28 U.S.C. § 1920 should not be construed so narrowly as to preclude the taxing of [pro hac vice] costs."); *see also United States v. Emergency Med. Assocs.*, 436 F.2d 726, 730 (7th Cir. 2006) (affirming award of pro hac vice fees without analysis).

The Court agrees with those courts that have held that pro hac vice fees are not recoverable as costs because they are an expense that an attorney pays for the privilege of practicing law in this Court, and Plaintiff should not be responsible for paying these fees simply because Defendant chose to be represented by counsel who are not admitted to practice in this district. Thus, the requested $50 for pro hac vice fees is not allowed.

## B. TRANSCRIPTS

Defendant seeks $9,064.41 for fees for printed or electronically recorded

transcripts necessarily obtained for use in the case. This amount is for the depositions of Carla Ann Bodisch (Plaintiff's wife), Joel Knauff (Plaintiff), Terry Emerson (Defendant's witness, copy only), Dr. Michael Huerta (Plaintiff's expert), Erick Knox (Defendant's expert, copy only), Dr. Fred Corely (Plaintiff's treating physician) and copies of medical records. The Court finds that these transcripts were necessarily obtained for use in the case.

Defendant has requested the full costs of these depositions, less delivery fees. After reviewing the receipts, the Court further reduces the amount of $9,064.41 by $78.63 because this amount was erroneously included twice in the total for Dr. Michael Huerta's supplemental deposition. Accordingly, the Court awards $8,985.78.

## C. COPIES

Defendant seeks $3,442.83 in fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case, which includes over 15,000 black and white copies at a cost of $0.15 per page and over 300 color copies at a cost of $1.00 per page.

Black and white copy rates up to $0.25 per page have been deemed reasonable. *Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881, at *4 (W.D. Tex. Sept. 9, 2005); *see also Zenith Elect. Corp. v. WH-TV Broad. Corp.*, No. 01 C 4366, 2004 WL 1631676, at *4 (N.D. Ill. July 19, 2004) (finding

copy rate of $0.20 reasonable). Color copy rates of $1.00 per page have also been deemed reasonable. *See West v. Perry*, No. 2:07CV200, 2009 WL 2225579, at *6 (E.D. Tex. July 23, 2009) (finding color copy rate of $0.99 reasonable). However, the prevailing party should provide some proof, through affidavit or otherwise, that these costs were the actual costs of making copies. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) ("To the extent that counsel charges a party more than actual cost for any service, be it reproduction of documents or telephone calls, counsel is recovering additional fees.").

Further, the Court is unable to determine whether the copies were necessarily obtained for use in the case. As the Fifth Circuit has explained:

> [The prevailing party] has provided no itemized breakdown of the copying costs incurred, beyond distinguishing those duplicated in house by its counsel and those duplicated elsewhere. It is therefore impossible to tell to what extent copies charged to [the prevailing party] were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel. While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation. The [opposing party] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines.

*Fogleman*, 920 F.2d at 286. Accordingly, the Court is unable to award copy fees at this time.

**D. PRINTING**

Defendant also seeks $1,146.59 for printing services. Printing costs may be awarded if they "were necessarily obtained for use in the case." Again, Defendant has not provided any information for the Court to make this determination.

## IV. Conclusion

A full determination of costs cannot be made on the current record. Accordingly, the Court ORDERS Defendant to submit further proof, by affidavit or otherwise, that the copy and printing costs were necessarily obtained for use in the case within ten days of this Order. Should Defendant fail to do so, the Court will enter an order based on the current record.

It is so ORDERED.

SIGNED this 21 day of June, 2010.

                                                 XAVIER RODRIGUEZ
                                                 UNITED STATES DISTRICT JUDGE